IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

M.C., a minor, by and through his father )
and next friend, TYRONE CAMPBELL, )
and TYRONE CAMPBELL, )
                                      Plaintiffs, )
                                             )
vs. ) Case No. CIV-15-343-C
                                             )
HOLLIS INDEPENDENT SCHOOL )
DISTRICT NO. 66 OF HARMON )
COUNTY, OKLAHOMA a/ka HOLLIS )
PUBLIC SCHOOLS; HOLLIS )
PUBLIC SCHOOL BOARD OF )
EDUCATION; JENNIFER McQUEEN in )
her official capacity; JENNIFER )
CASWELL, and MARTY WEBB, )
                                           )
                               Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants Independent School District No. 66 of Harmon County Oklahoma, Hollis Public School Board of Education, and Jennifer McQueen, and Marty Webb filed a Motion to Dismiss Plaintiffs' claims (Dkt. No. 29). Plaintiffs responded (Dkt. No. 30) and Defendants filed a reply (Dkt. No. 31). The Motion has been fully briefed and is at issue.

## I. BACKGROUND

On or about April 4, 2014, Defendant Jennifer Caswell entered into a sexual relationship with the Plaintiff, a minor ("M.C."). Caswell was a teacher for Defendant Hollis Independent School District No. 66 ("District"). Also Defendants in this case are

the Hollis Public School Board of Education ("Board"), Jennifer McQueen (District Superintendent), and Marty Webb (Principal). Plaintiffs allege that prior to April 4, 2014, there were rumors that Caswell and M.C. had some type of sexual intercourse. Subsequent to learning of the rumors, District allegedly removed M.C. from Caswell's classroom and made a report to M.C.'s father, Plaintiff Tyrone Campbell. On April 4, 2014, the District received reports from two witnesses who saw a sexual assault occur between Caswell and M.C. through the window of a classroom. On April 7, 2014, Caswell was allowed to resign. District allegedly had knowledge of the relationship between Caswell and M.C. but did not notify authorities or Campbell prior to Caswell's resignation. Defendants District, Board, McQueen, and Webb (collectively "Defendants") filed this Motion to Dismiss Plaintiffs' claims asserted against them in Counts I (Title IX), II (Section 1983), III (Negligence), and IV (Premises liability) pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to

dismiss.  Id.  Thus, the starting point in resolving Defendants' Motion is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss.

### III.  ANALYSIS

A.  Proper Parties

Defendants argue that the District's Board of Education is not a proper party to this action because it is not a separate legal entity able to be sued.  Moreover, if Board is considered a proper party, Defendants argue that Plaintiffs' claims against the Board are duplicative of Plaintiffs' claims against the District.  It is well settled that in Oklahoma a school district is a corporate body with all powers of a corporation and able to be sued.  70 Okla. Stat. § 5-105.  Oklahoma case law is scarce on the issue of whether a board of education is a separate and distinct entity able to be sued.  However, there is no prejudice or additional expense involved, and dismissal of Hollis Public School Board of Education is unwarranted at this stage of the litigation.

B.  Title IX Claim

Plaintiffs allege that Defendant District violated M.C.'s Title IX rights.  Title IX states, in part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). In order to state a claim for relief under Title IX a plaintiff must show that the defendant "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that

was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." Murrell v. School Dist. No. 1, Denver, Colo., 186 F.3d 1238, 1246 (10th Cir. 1999). Defendants argue that Plaintiffs' allegations against District do not rise to the level of deliberate indifference that proximately caused a deprivation to M.C.

Plaintiffs' allege in their Amended Complaint (Dk. No. 26) that District acted with deliberate indifference by failing to inform M.C.'s father and law enforcement officials of the sexual assault. Further, Plaintiffs allege that M.C. suffered emotional distress and psychological damage and that District's actions were the direct and proximate cause of M.C. being deprived of a safe and harassment-free educational environment. The standard for a motion to dismiss is not to be confused with a motion for summary judgement. Here, Defendants are challenging Plaintiffs' ability to prove their claim, rather than whether Plaintiffs have enough facts sufficient to state a claim. This is not the function of a motion to dismiss. Whether Plaintiffs will be able to successfully survive a motion for summary judgment under these same facts the Court cannot say; however, the allegations pleaded by Plaintiffs sufficiently state a plausible claim to relief under Title IX and survive this Motion to Dismiss.

C.  Section 1983 Claim

Plaintiffs allege that Defendants Board and District violated M.C.'s Due Process and Equal Protection rights as actionable under 42 U.S.C. § 1983 ("Section 1983"). Section

1983 provides that any person who, under color of any statute, subjects or causes any citizen deprivation of any rights, shall be liable to the party injured. 42 U.S.C. § 1983. In order for a school district to be considered liable for sexual harassment under the Fourteenth Amendment of the United States Constitution, a plaintiff must establish that a "state employee's discriminatory actions [were] representative of an official policy or custom" or "taken by an official with final policy making authority." Murrell, 186 F.3d at 1249. Defendants argue that Plaintiffs' Amended Complaint does not identify a policy or custom of District's regarding training and/or investigation of sexual abuse claims. The Court disagrees. Plaintiffs have alleged enough facts in their Amended Complaint to state a § 1983 claim. The Motion to Dismiss in this respect is denied.

D. Negligence Claim

In Plaintiffs' third cause of action they allege negligence claims against Defendants McQueen and Webb, alleging that McQueen and Webb created a dangerous condition by failing to report the alleged sexual assault to law enforcement officials. Defendants argue that neither McQueen nor Webb can be sued in their official or individual capacities on an allegation arising out of actions performed within the scope of their employment. Defendants are correct. Any suit brought pursuant to the Oklahoma Governmental Tort Claims Act shall name as a defendant the state or any of the political subdivisions; however, an employee of the state or political subdivision should not be named for acting within the scope of his or her employment. 51 Okla. Stat. § 163(c). Plaintiffs assert

allegations against McQueen and Webb related to the scope of their employment as District Superintendent and Principal, respectively. Therefore, the claims of negligence against McQueen and Webb are dismissed.

Defendants further allege that Plaintiffs have failed to state a negligence claim against the remaining Defendants because Plaintiffs have not established that any Defendant's negligent act was the proximate cause of the harm alleged. The Court assumes both parties are aware of the standard of negligence and proximate cause and it will not be restated here. The Court has examined the factual allegations supporting each element of Plaintiffs' negligence claim and finds that Plaintiffs have sufficiently stated a claim.

E.  Premises Liability Claim

Defendants argue that Plaintiffs' premises liability claim (Count IV) is barred by the Oklahoma Governmental Tort Claims Act (the "Act"). Defendants point to the exemptions of liability language of the statute, which states in part: "The state . . . shall not be liable if a loss or claim results from . . . (5) Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees." 51 Okla. Stat. § 155(5). Defendants argue in great detail that the Act provides that a political subdivision, such as the District, is exempt from liability when it comes to discretionary decisions or judgment calls. Plaintiffs do not respond to the merits of this argument or suggest any legal theory on which recovery could be found, instead asking for

6

additional time to conduct discovery. In the absence of any theory on which liability could be founded, the premises liability claim is dismissed.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. No. 29) is GRANTED IN PART and DENIED IN PART. Plaintiffs' negligence claims against McQueen and Webb are dismissed. Plaintiffs' premises liability claim is dismissed. All other claims remain.

IT IS SO ORDERED this 4th day of January, 2016.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge