IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| M.C., a minor, by and through his father and next friend, TYRONE CAMPBELL, and TYRONE CAMPBELL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-15-343-C |
| HOLLIS INDEPENDENT SCHOOL DISTRICT NO. 66 OF HARMON COUNTY, OKLAHOMA a/k/a HOLLIS PUBLIC SCHOOLS, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Following the July 27, 2017, bench trial in this matter, the Court issues the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1. Defendant Jennifer Caswell was formerly a teacher at the Hollis Middle School where Plaintiff Micah Campbell was her eighth grade student and a minor during the 2013-14 school year.

2. Micah was 14 and 15 years old during the time in question. Micah's family described him as outgoing and friendly; he had many friends and was socially active. Micah played on the Hollis Varsity Basketball team as a freshman and dreamed of playing college basketball and joining a National Basketball Association team.

3. Caswell began flirting with Micah at school and students reported seeing Micah enter Caswell's classroom outside of his assigned class time. School officials

investigated this claim and other rumors after receiving reports from students. Both Micah and Caswell denied the allegations and Micah was sent to in-school suspension.

4. Caswell and Micah entered into a sexual relationship in April 2014 when they had intercourse in Caswell's classroom. Shortly thereafter, Caswell resigned her teaching position.

5. Caswell did not end the relationship with Micah. Micah testified they had intercourse about 11 more times at various locations. Plaintiff Tyrone Campbell was unaware of the relationship and testified he thought Caswell was tutoring Micah in his home and the rumors were all unfounded.

6. Tyrone discovered Caswell was visiting Micah while Tyrone was not home and sent Micah to spend the summer at his mother's house in Olive Branch, Mississippi.

7. Caswell drove to Mississippi, picked up Micah, and took him to a motel. She was arrested and charged with rape in the second degree, forcible sodomy, and enticing a child under 16 into a secluded place.

8. Caswell entered a guilty plea to all counts.

9. Prior to her sentencing, Caswell appeared on national television on the Dr. Phil Show to discuss the above-described events. She did not name Micah, but Caswell did state her sexual relationship was with her student.

10. Micah reports feelings of depression, isolation, and self-blame for the events that transpired. He experienced humiliation when members of his community publically chastised him and when strangers recognized him and questioned him about the scandal.

11. Due to the notoriety of these events, the Campbell family transferred Micah to the Cache school district starting with his junior year of high school. As a result, Micah was unable to play basketball at Cache and it is unknown whether the coach will allow him to play his upcoming senior year. It is unclear whether the playing ban on Micah's junior year was rule-imposed or a choice by the coach.

12. Micah's experience in the Cache school district was troubled. In addition to students bullying Micah for his sexual past, teachers and teachers' spouses made veiled and unveiled public references to the incident.

13. Today, Micah has trouble sleeping and has been prescribed anti-anxiety and sleep medications; his therapists report mixed results from the prescriptions. Micah has few friends, is socially withdrawn, and shows anxiety about going into public spaces.

## CONCLUSIONS OF LAW

1. The Court found in its previous Memorandum Opinion and Order that Plaintiff Micah Campbell was entitled to judgment as a matter of law on his battery claim. (Order, Dkt. No. 82, p. 15.) Thus, only the issue of damages remains for trial. (Second Am. Final Pretrial Report, Dkt. No. 103, p. 4.)

2. Micah's other claim remaining against Caswell is intentional infliction of emotional distress ("IIED"). To recover damages for an IIED claim, Micah must show "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Computer Publ'ns, Inc. v. Welton, 2002 OK 50, ¶ 7, 49 P.3d 732, 735.

3. The Court found in its previous Memorandum Opinion and Order that Defendant Caswell's actions were intentional and outrageous. (Order, Dkt. No. 82, p. 14.) Thus, Plaintiff had satisfied the first and second elements prior to the bench trial and the third and fourth elements regarding Micah's emotional distress remain at issue.

4. The emotional distress suffered will rise to a severity level contemplated by the tort of IIED if "the distress inflicted is so severe that no reasonable man could be expected to endure it." See Restatement (Second) of Torts § 46 cmt. j (1965).

5. The Court finds Micah has shown severe emotional distress and psychological damage that no young person could be expected to endure. Judgment is granted in favor of Plaintiff Micah Campbell and against Defendant Jennifer Caswell on the IIED claim.

6. Because the Court cannot allocate the facts and causes of damage between the two claims, it will award one sum for damages.

7. In this case, a teacher abused her position of trust and authority to sexually violate a young man who will face the emotional effects of the encounter for the rest of his life. Micah is receiving continued professional counseling services, and these professionals predict he will have future problems accepting female companionship and trusting female authority figures. Due to his relocation to Cache, Micah is separated from his immediate family, with whom he had a very close relationship. Micah has lost the companionship of friends, his basketball dreams, and has suffered a great amount of stigma in a small town where he went from a well-known high school basketball star to the topic of derogatory discussion and blame for a large part of the community. It is unacceptable for this

emotional trauma to unfold during the formative and emotionally fragile years of a young person's life. Accordingly, Caswell is liable to Micah for the battery and IIED claims in the amount of one million dollars ($1,000,000).

8. The Court found in its previous Memorandum Opinion and Order that Plaintiff Tyrone Campbell was entitled to judgment as a matter of law on his enticement claim asserted pursuant to 76 Okla. Stat. § 8. (Order, Dkt. No. 82, p. 13.) Thus, only the issue of damages remains for trial. (Second Am. Final Pretrial Report, Dkt. No. 103, p. 4.)

9. Historically, a parent making an enticement claim when a child was seduced may recover "loss of services, and other direct damages, and possibly for humiliation." Johnson v. Harris, 1940 OK 133, ¶ 5, 102 P.2d 940, 942. More recently, the Oklahoma Supreme Court has interpreted 76 Okla. Stat. § 8 to "grant[] a right of recovery for the abduction of a child." Zaharias v. Gammill, 1992 OK 149, ¶ 9, 844 P.2d 137, 138.

10. The Second Restatement of Torts advises a parent may claim damages for

> loss of society of his child and for his emotional distress resulting from its abduction or enticement. If there has been a loss of service or if the child, though actually not performing service, was old enough to do so, the parent can recover for the loss of the service that he could have required of the child during the period of its absence.

Restatement (Second) of Torts § 700 cmt. g (1977). However, the facts presented demonstrate Tyrone was not aware Micah had left his custody.

11. Tyrone did not present evidence of Micah's lost services or other direct damages. Even if he had, the evidence shows Micah was absent for about one hour on the seven occasions he left the home, and the remaining four occasions do not have time

5

approximations, but one would assume they would also be brief encounters. A mere few hours' absence does not warrant recovery.

12. Tyrone testified that because of the incident, some members of the community no longer speak with him and some have confronted him about the incident. This does not amount to recoverable emotional distress from enticement. Additionally, the Court has not located, nor have Plaintiffs provided, a case where a parent recovered damages for humiliation under this statute.

13. Accordingly, the Court finds Plaintiff Tyrone Campbell failed to demonstrate damages for the enticement claim. Although summary judgment was previously granted in favor of Plaintiff Tyrone Campbell and against Defendant Jennifer Caswell, the damages are zero dollars ($0).

## CONCLUSION

For the reasons stated, Judgment shall be entered as follows: in favor of Plaintiff Micah Campbell and against Defendant Jennifer Caswell on the intentional infliction of emotional distress and battery claims in the amount of $1,000,000; in favor of Plaintiff Tyrone Campbell and against Defendant Jennifer Caswell on the enticement claim in the amount of $0.

IT IS SO ORDERED this 10th day of August, 2017.

ROBIN J. CAUTHRON
United States District Judge